UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 22-cv-4083-JBM |
| | ) |
| LOUIS GLOSSIP, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, who is incarcerated at Jacksonville Correctional Center, proceeds *pro se* under 42 U.S.C. § 1983 on his complaint alleging due process violations and inhumane conditions of confinement at the Knox County Jail ("Jail").

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## FACTS

Plaintiff states that Defendants Louis Glossip (Jail Administrator) and Brad Abernathy (Chief of Operations) violated his rights while he was detained at the Jail. Plaintiff alleges that

"[o]n or about the time of March 2019 – July 2019 [he] was placed on administration lockdown." (Doc. 1 at 4). He claims that a hearing was not held to address his disciplinary action.

Plaintiff also complains about the conditions of his lockdown. He alleges that he was permitted to shower only once every three days and was denied the required recreation time, access to the law library, and the means to communicate with his family. He alleges that he was unable to file grievances to address these issues because the officers on duty closed the kiosk.

**ANALYSIS**

The review of a procedural due process claim requires a two-part analysis: whether the Plaintiff was deprived of a protected liberty or property interest, and if so, what process was due. *Hamlin v. Vaudenberg*, 95 F.3d 580, 584 (7th Cir. 1996). In other words, if a constitutional right is identified, then procedural due process must be provided. *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1020 (7th Cir. 2000). A due process violation may be implicated if "the defendants deprived [plaintiff] of a liberty interest by imposing an 'atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *McCoy v. Atherton*, 818 F. App'x 538, 541 (7th Cir. 2020) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). The Court must examine not just the severity, but the duration of the complained-of conditions. *Dixon v. Godinez*, 114 F.3d 640, 644 (7th Cir. 1997); *see also Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009) (characterizing up to 90 days in segregation a relatively short period, depending on the conditions imposed).

Here, Plaintiff claims that he was placed on an "administration lockdown" and no hearing was provided to address his disciplinary action. It is unclear if Plaintiff was placed on lockdown sometime between March and July 2019, or if he remained on lockdown during this entire period. In a conclusory fashion, Plaintiff claims that Defendants Glossip and Abernathy violated his rights,

2

but Plaintiff does not plead any facts to show that they caused or participated in the alleged events. It is well-recognized that §1983 liability is predicated on fault, so to be liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir.2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir.2001)). The Court finds that Plaintiff has not provided enough information to support a plausible federal claim against either of the Defendants. Plaintiff's complaint is dismissed without prejudice. Plaintiff is granted leave to file an amended complaint.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint is dismissed without prejudice for failure to state a claim pursuant Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have the opportunity to file an amended complaint within 30 days from the entry of this Order. Plaintiff's amended complaint will replace the complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. Failure to file a timely amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

ENTERED: July 6, 2022

s/ Joe Billy McDade
Joe Billy McDade
United States District Judge